IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KELLY E. MASON and <br> KAYLEE L. WHITE <br><br> Plaintiffs, <br><br> VS. <br><br> BANK OF AMERICA, et al, <br><br> Defendants. | § § § § § § § § § § § | Case No. 4:12cv650 |

**MEMORANDUM OPINION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendants Bank of America, N.A., ("Bank of America") Mortgage Electronic Registration System, Inc., ("MERS"), MERSCORP, Holdings, Inc., as successor to MERSCORP, Inc. ("MERSCORP"), and ReconTrust Company, N.A. ("Recontrust")'s Motion for Summary Judgment (Dkt. 12). As set forth below, the Court finds that it should be GRANTED in its entirety and that Plaintiffs should take nothing by any of their claims here.

In this case, Plaintiffs Kelly E. Mason and Kaylee L. White allege that their property at 801 Blue Heron Lane, Aubrey, Texas ("the Property") was wrongfully foreclosed upon because Defendants did not have capacity to conduct the foreclosure sale. *Pro se* Plaintiffs originally filed suit in state court in Denton County asserting claims for: (1) violations of the Texas Property Code; (2) violations of the Texas Civil Practice and Remedies Code; (3) unjust enrichment; (4) negligent misrepresentation; (5) fraudulent misrepresentation; (6) slander of title/quiet title; (7) violations of the Fair Debt Collection Practices Act ("FDCA"); (7) violations of the Real Estate Settlement

1

Procedures Act ("RESPA"); (8) negligent supervision; and (9) false, deceptive, or misleading representations. *See* Dkt. 4. Plaintiffs seek actual damages of an unspecified amount, injunctive relief, rescission of the foreclosure, costs, compensatory damages, and punitive damages. *Id.*

On October 12, 2012, Defendants removed the case to this Court and, on May 22, 2013, the case was assigned to the undersigned by consent of the parties. Plaintiffs have not amended their complaint since removal to this Court.

In their Motion for Summary Judgment, Defendants make the following arguments: (1) Plaintiffs' attack on the MERS system is meritless because MERS is a valid beneficiary, Bank of America is authorized to enforce Plaintiffs' indebtedness, the assignment did not bifurcate the Note from the mortgage, and Plaintiffs lack standing to challenge the assignment and securitization; (2) Plaintiffs' false lien claim fails as a matter of law; (3) Plaintiffs' negligent misrepresentation, fraudulent misrepresentation and negligent supervision claims are barred by the economic loss doctrine; (4) Plaintiffs' unjust enrichment claim fails as a matter of law; (5) Plaintiffs' claim for slander of title fails as a matter of law; (6) Plaintiffs' quiet title claim fails asa matter of law; (7) Plaintiffs' FDCA claim fails as a matter of law; (8) Plaintiffs' RESPA claims fail as a matter of law; and (9) Plaintiffs' claims for declaratory and injunctive relief cannot stand as independent claims.

**MOTION FOR SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D.

TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

**ANALYSIS**

In support of their motion, Defendants cite to and attach the following summary judgment evidence: Exhibit "A" Declaration of Jesse Ford; Exhibit "A-1" Note; Exhibit "A-2" Deed of Trust; and Exhibit "A-3" March 12, 2012 Assignment of Deed of Trust to Bank of America. *See* Dkt. 12-1– 12-4.

In response, Plaintiffs submit the following summary judgment evidence: (A) Defendants' Response to Plaintiffs' First Request for Production; (B) Appointment of Substitute Trustee; (C) "Important Legal Notice" from Recontrust Company regarding $125,059.49 owed to Bank of America, N.A., dated May 1, 2012; (D) letter from Kelly E. Mason to Recontrust Co. and Bank of America regarding debt collection efforts, dated May 10, 2012; (E) letter from Bank of America to Kelly E. Mason regarding Loan Number Ending in 2974, dated May 29, 2012; and (F) Assignment of Deed of Trust. *See* Dkt. 19-1– 19-6.

Having reviewed the record, the Court finds that Plaintiffs have failed to sustain their summary judgment burden in demonstrating a genuine issue of material fact as to any of their claims.

As these appear to be the gravamen of their complaint – and the basis for most, if not all, of their asserted causes of action – the Court first addresses Plaintiffs' challenges to Defendants' authority to foreclose and to take other actions regarding the Deed of Trust and the Note, both of which were signed in conjunction with their mortgage loan. Courts in this Circuit have rejected the split-the note theory espoused by Plaintiffs. *Martins v. BAC Home Loans Serv., L.P.*, 722 F. 3d 249,

4

255 (5th Cir. 2013) ("The split-the-note' theory is therefore inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned."); *Casterline v. OneWest Bank, F.S.B.*, 537 Fed. App'x 314, 317 (5th Cir. 2013) ("MERS had the authority to transfer the Security Instrument together with the power to foreclose to another party, including OneWest."); *Wigginton v. Bank of New York Mellon*, 488 Fed. App'x 868, 870 (5th Cir. 2012) (affirming dismissal of breach of contract and other claims that Texas law rejects split-the-note theory). A "mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure." *Martins*, 722 F. 3d at 255. *See also Casterline*, 537 Fed. App'x at 318 ("Texas law did not require OneWest to present the original Note to foreclose on Casterline's property."); *Hall v. BAC Home Loans Serv., L.P.*, 2013 WL 5515144, 3 (5th Cir. 2013) (the plaintiff's "characterization of Texas law is incorrect—it simply was not necessary for BAC to possess the note to foreclose."); *Epstein v. U.S. Bank Nat. Ass'n*, 2013 WL 5340766, 3 (5th Cir. 2013).

As one court explains:

Texas law differentiates between enforcement of a promissory note and foreclosure. Foreclosure enforces the deed of trust, not the underlying note. It is an independent action against the collateral and may be conducted without judicial supervision. Enforcement of the promissory note, on the other hand, is a personal action against the signatory and requires a judicial proceeding.

*Wells v. BAC Home Loans Serv., L.P.*, 2011 WL 2163987, 2 (W.D. Tex. 2011) (citing *Slaughter v. Qualls,* 139 Tex. 340, 346, 162 S.W.2d 671, 675 (1942). *See also Aguero v. Ramirez,* 70 S.W.3d 372, 375 (Tex. App. – Corpus Christi 2002, pet. denied). TEX. PROP. CODE ANN. § 51.002 (West Supp.2007); *Tierra Sol Joint Venture v. City of El Paso,* 311 S.W.3d 492, 499 (Tex. App. – El Paso

2009, pet. denied); TEX. BUS. & COM. CODE § 3.401(a); *TrueStar Petroleum Corp. v. Eagle Oil & Gas Corp.,* 323 S.W.3d 316, 319 (Tex. App. – Dallas 2010, no pet.)). In Texas, "[a] trustee has no power to sell the debtor's property, except such as may be found in the deed of trust." *University Sav. Ass'n v. Springwoods Shopping Center,* 644 S.W.2d 705, 706 (Tex. 1982).

That MERS, a named beneficiary in the Deed of Trust, assigned its interests in the Deed of Trust is enough. As the Fifth Circuit has noted, "[n]umerous federal district courts have addressed [the] question, and each one to analyze Texas law has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable...." *Martins*, 722 F.3d at 253. *See, e.g., Richardson v. CitiMortgage, Inc.*, 2010 WL 4818556, at *5 (E.D. Tex. 2010) (rejecting the plaintiff's attack on MERS, and noting that "[u]nder Texas law, where a deed of trust, as here, expressly provides for MERS to have the power of sale, then MERS has the power of sale") (*citing Athey v. MERS,* 314 S.W.3d 161, 166 (Tex. App. – Eastland 2010)); *Allen v. Chase Home Finance, LLC*, 2011 WL 2683192, at *3-4 (E.D. Tex. 2011); *Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *1-2 (E.D. Tex. 2011); *see also Santarose v. Aurora Bank FSB,* 2010 WL 2232819, at *5 (S.D. Tex. 2010) (rejecting the argument that MERS lacked standing to foreclose and was not a real party in interest); *Wiggington v. Bank of New York Mellon*, 2011 WL 2669071, at *3 (N.D. Tex. 2011). "Because the deed of trust specifically provided that MERS would have the power of sale, MERS had the power of sale that was passed to [Defendant] upon MERS's assignment." *DeFranchesci v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011) (quoting *Richardson*, 2010 WL 4818556, at *5). *See also Adams v. Bank of America, N.A.*, 2011 WL 5080217, at *4 (E.D. Tex. 2011); *McAllister v. BAC Home Loans Serv., LP*, 2011 WL 2200672,

*5 (E.D. Tex. 2011); *Eskridge v. Fed. Hom Loan Mortgage Corp.*, 2011 WL 2163989 (W.D. Tex. 2011); *Schieroni v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 3652194 (S.D. Tex. 2011).

The documents before the Court establish a clear chain of transfers of interests in the Deed of Trust. The Deed of Trust signed by Plaintiffs names MERS as beneficiary and nominee for Lender and Lender's successors and assigns. *See* Dkt. 12-3 at 1. The Deed of Trust further provides that "MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or cancelling this Security Instrument." Dkt. 12-1 at 2. The record further contains the March 12, 2012 Assignment of Deed of Trust assigning all of MERS's beneficial interest under the Deed of Trust to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP. Dkt. 12-4.

As to any challenges as to Rene Rosales's authority to execute the assignment on MERS's behalf, "facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Reinagel v. Deutsche Bank Nat. Trust Co.,* 735 F.3d 220, 228 (5th Cir. 2013). Nothing in the assignment before the Court appears to be facially invalid. "Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable ***without production of the original, signed note***." *Martins*, 722 F.3d at 253 (5th Cir. 2013) (emphasis added). *See also Reinagel*, 735 F.3d at 227 (there is no requirement that the affiant affix his signature in wet ink to assignment to be valid). Plaintiffs cannot therefore challenge the assignments based on MERS's authority.

7

Based on the summary judgment evidence before it, as well as the clear and voluminous authority governing this Court's findings, Plaintiffs' challenges to Defendants' authority to foreclosure fail and judgment shall be had for Defendants as to these claims. *See Wiley v. Deutsche Bank Nat. Trust Co.*, 2013 WL 4779686, 2 -3 (5th Cir. 2013) ("In this case, the deed of trust unquestionably names MERS as its beneficiary; MERS transferred the deed of trust to Deutsche Bank and recorded that transfer. The Wileys' claim that a transferee in Deutsche Bank's position does not have the power to foreclose is incorrect as a matter of Texas law.").

In the event any of Plaintiffs' claims are not based on the split-the-note and other rejected theories, the Court briefly addresses them below. The Court primarily notes that Plaintiffs' response to the summary judgment merely lists and "re-asserts" their Causes of Action and fails to satisfy Plaintiffs' summary judgment burden. In responding to a summary judgment "conclusory allegations" and "unsubstantiated assertions" are insufficient; rather, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. Here, Plaintiffs' summary judgment response contains insufficient citations to the summary judgment record. General and sporadic references to the summary judgment record are not sufficient. *See* E. D. TEX. L. R. CV-56(d) (stating that summary judgment citations should be referred to by page and, if possible, by line of the summary judgment evidence). *See also Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas,* 136 F.3d at 458; *Stults,* 76 F.3d at 657; *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127

(1994); *Skotak,* 953 F.2d at 916 n. 7; *see also Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir.1988) (it is not necessary "that the entire record in the case ... be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered"); *cf. U.S. v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")). It is Plaintiffs' burden to make specific citations to the summary judgment record. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655.

Although the Court has reviewed what it has before it, the Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiffs could create a genuine issue of material fact as to each element of his claims. *See* E.D. TEX. L. R. CV-56(d). Plaintiffs are required to show *how* the evidence creates an issue of material fact by citing to specific portions of the record. Reviewing the record before it, the Court finds that they have not done so here.[1]

**Texas Civil Practice and Remedies Code Claim**

Plaintiffs allege a violation of Section 12.002(a) of the Texas Civil Practice and Remedies Code. Chapter 12 of the Texas Civil Practice and Remedies Code establishes a private cause of action against a person who makes, presents, or uses a document with knowledge that it is fraudulent, with the intent that the document be given legal effect, and with the intent to cause injury. TEX. CIV. PRAC. REM. CODE § 12.002. "Courts interpreting Section 12.002(a) have held that, in order to state a claim, the plaintiff must allege the challenged instrument purported to *create* a lien

---

[1]To the extent Plaintiffs argue that they need more discovery from Defendants, in August 2013, the Court denied Plaintiffs' motion to compel without prejudice to refiling a motion specifically identifying what additional discovery materials they sought from Defendants. *See* Dkt. 24. No further motions have been filed, and the discovery deadline in this case passed in September 2013. *See* Dkt. 16.

9

or claim against real property." *Perdomo v. Fed. Nat. Mortgage Ass'n,* 2013 WL 1123629, at *5 (N.D. Tex. 2013) (citing *Marsh v. JPMorgan Chase Bank, N.A.,* 888 F. Supp.2d 805, 2012 WL 3756276, at *7 (W.D. Tex. 2012)). And federal district courts in cases like Plaintiffs' have found that, because an assignment merely transfers an existing deed of trust from one entity to another, it does not create a lien or claim against real property as contemplated by the statute. *Akins v. Wells Fargo Bank*, N.A. 2013 WL 4735581, 3 (E.D. Tex. 2013) (Schell, J.); *Jaimes v. Federal Nat. Mortg. Ass'n,* 930 F. Supp.2d 692, 697 (W.D. Tex. 2013) ("both the plain language and legislative history of the statute indicate it was never intended to apply to mortgage assignments"); *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp.2d 805, 813 (W.D. Tex. 2012) ("The plain and common meaning of the statute's words do not suggest the Texas legislature intended to include mortgage assignments within the purview of Chapter 12."); *Perdomo,* 2013 WL 1123629, at *5 (N.D. Tex. 2013) (internal quotation marks omitted).[2]

Moreover, even if Texas courts were to find that mortgage assignments fell into the scope of the statute, no allegations or evidence here show any fraudulent filing. The claim is dismissed.

---

[2]The Court notes that it has previously recommended in an unpublished opinion that a claim under 12.002 involving several mortgage assignments not be dismissed for failure to state a claim. *See Payton v. U.S. Bank Nat'l Ass'n*, 2013 WL 4413329, 4 (E.D. Tex. 2013). In that case, the language regarding the transfer of interests to MERS in the copy of the Deed of Trust presented to the Court was not clear and covered by language in a different type face. Until that matter was clarified on the evidentiary record, the Court found that dismissal of any of the plaintiff's claims would be premature and procedurally inappropriate. The Court did not reach the issue of whether the assignment could constitute a lien under the statute.

**Plaintiffs' Tort Claims**

As to Plaintiffs' claims of negligent misrepresentation, fraudulent misrepresentation and negligent supervision, even assuming they have been sufficiently stated,[3] Plaintiffs have failed to create a genuine issue of material fact to show any extracontractual damages they have suffered as a result of Defendants' actions. For their tort claims to survive, they must have evidence to create a fact issue regarding an injury independent from the subject matter of the loan contract. *See S&W Enter., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 538 (5th Cir. 2003); *see also Kiggundu v. Mortgage Elec. Registration Sys., Inc.*, 2011 WL 2606359, 7 (S.D. Tex. 2011) (granting summary judgment on fraud claim where the plaintiff's alleged damages arose out of a note and deed of trust only), *aff'd*, 469 F. App'x 300 (5th Cir. 2012). Otherwise, the economic loss doctrine bars those claims. *Southwestern Bell Tel. Co. v. Delanney*, 809 S.W.2d 493, 494-95 (Tex. 1991) ("if the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract," and affirming dismissal of negligence claims based on breach of contractual duty); *Hugh Symons Group v. Motorola, Inc.,* 292 F.3d 466, 470 (5th Cir. 2002) (citing *Haase v. Glazner,* 62 S.W.3d 795, 799 (Tex. 2002)) (a plaintiff generally "may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds."). Thus, "if the defendant's conduct ... would give rise to liability independent of the fact that a contract

---

[3]To state a claim for fraud in particular in federal court, a plaintiff must state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). The Court need not address here whether Plaintiffs have sufficiently stated their fraud claims.

exists between the parties, the plaintiff's claims may also sound in tort." *Southwestern Bell Tel. Co.,* 809 S.W.2d at 494. If, however, "the defendant's conduct ... would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim sounds only in contract." *Id.* Here, no fact issue has been demonstrated as to extracontractual damages and Plaintiffs shall take nothing by their tort claims.

**Unjust Enrichment**

Defendants are also correct that Plaintiffs have no viable unjust enrichment claim. "A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex. 1992). A plaintiff cannot assert a theory of unjust enrichment where the parties have a contract. *Dempsey v. U.S. Bank Nat.*, 2012 WL 2036434, 6 (E.D. Tex. 2012) (when an express or implied-in-fact contract covers the subject matter of the parties' dispute, there can be no recovery under a theory of unjust enrichment and that parties are bound by their express agreements, and plaintiff cannot recover under a theory of money had and received). Here, the parties' relationship arise from the mortgage and loan agreement. Moreover, Plaintiffs have failed to demonstrate a genuine issue of material fact as to any fraud, duress, or the taking of an undue advantage by Defendants or any benefit to Defendants therefrom. *Heldenfels Bros.,* 832 S.W.2d at 41. Plaintiffs shall take nothing by that claim.

**Slander of Title/Quiet Title**

Plaintiffs also assert a slander of title/petition to quiet title claim against all Defendants. As to a claim of slander of title, one Texas Court has explained:

> "Slander of title" is defined as a false and malicious statement made in disparagement of a person's title to property which causes special damages. The requisite elements include the uttering and publishing of disparaging words that were false and malicious, that special damages were sustained, and that the injured party possessed an interest in the property disparaged. Further, the complaining party must demonstrate the loss of a specific sale.

*Elijah Ragira/VIP Lodging Group, Inc. v. VIP Lodging Group, Inc.*, 301 S.W.3d 747, 758 -759 (Tex. App. – El Paso 2009, no pet.) (internal citations omitted). No summary judgment evidence has been offered to create a fact issue as to any false statements by Defendants or to show they acted with malice. *See Storm Assoc., Inc. v. Texaco, Inc.*, 645 S.W.2d 579, 588 -589 (Tex. App. – San Antonio 1982), aff'd, 645 S.W.2d 579 (Tex. 1985) ("A claim of title does not constitute malice where the claim is made under color of title or upon reasonable belief that parties have title to the property acquired."). Finally, Plaintiffs have not offered any summary judgment evidence that would show the loss of any specific sale, which must be present to support a slander of title action. *Elijah Ragira/VIP Lodging Group, Inc.*, 301 S.W.3d at 758 -759. There is simply no summary judgment evidence that would support a slander of title claim.

Plaintiffs' assertion of a quiet title action also fails. "[A] suit to quiet title "is an equitable action that involves *clearing* a title of an invalid charge against the title." *Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, 4 (N.D. Tex. 2012) (citing *Longoria v. Lasater,* 292 S.W.3d 156, 165 n. 7 (Tex. App.– San Antonio 2009, pet. denied)) (quoting *A.I. C. Mgt. v. Crews,* 2005 WL 267667, at *3 n. 8 (Tex. App.– Houston [1st Dist.] 2005), *rev'd on other grounds,* 246 S.W.3d 640 (Tex. 2008)) (emphasis in original)).

In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews,* 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). Indeed, it is clear that the plaintiffs in a quiet title action must recover on the strength of their own title, not the weaknesses of the defendant's. *Turner v. AmericaHomeKey Inc.*, 514 Fed. App'x 513, 516 (5th Cir. 2013) (citing *Humble Oil & Ref. Co. v. Sun Oil Co.,* 191 F.2d 705, 716 (5th Cir.1951) and *Fricks v. Hancock,* 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.)) (affirming dismissal of quiet title action where the plaintiff based action of weakness of defendants' title rather than strength of his own). *See also Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1 Dist.] 2009, pet. denied) (internal citations omitted) ("[i]n a suit to remove a cloud from his title, the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief.").

Plaintiffs here have not adequately stated their superiority, nor have they shown that there is a genuine issue of material fact as to their superiority as to the Property. They shall take nothing by this claim. *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 2013 WL 2422778, 2 (5th Cir. 2013) (finding that no quiet title claim had been stated where the plaintiff did not challenge the validity of the Deed of Trust or suggest its interest was superior to the Deed of Trust but merely questioned the validity of the assignment of the Deed of Trust by MERS); *Turner v. AmericaHomeKey Inc.*, 514 Fed. App'x 513, 516-517 (5th Cir. 2013) (affirming dismissal of quiet title action where record contained documentation of transfer of deed of trust to MERS and plaintiff failed to state any facts regarding strength of his title to the property).

**FDCA**

The Court also agrees with Defendants that Plaintiffs should take nothing by their claim under the Fair Debt Collection Practices Act (FDCA). Generally, "mortgage lenders are not 'debt collectors' within the meaning of the FDCPA." *Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. App'x 424, 428, (5th Cir. 2012) (citing *Williams v. Countrywide Home Loans, Inc.,* 504 F. Supp.2d 176, 190 (S.D. Tex. 2007) *aff'd,* 269 Fed.App'x 523 (5th Cir. 2008)). The same is true for mortgage servicing companies. *See Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *Ayers v. Aurora Loan Services, LLC*, 787 F. Supp.2d 451, 456 (E.D. Tex. 2011). Moreover, even if the Act somehow applied to some of Plaintiffs' allegations, Plaintiffs have failed to create any fact issue as to any unlawful debt collection practices.

**RESPA**

As to their RESPA claims, Plaintiffs' complaint does not sufficiently state which section Plaintiffs allege has been violated. Further, there is nothing in the summary judgment record to create a fact issue as to Plaintiffs' actual damages, as is required under 12 U.S.C. § 2605(f)(1).[4] "[A] plaintiff must allege actual damages resulting from a violation of § 2605." *Bittinger v. Wells Fargo*

---

[4] 12 U.S.C. § 2605(f)(1) provides that "[i]n the case of any action by an individual, an amount equal to the sum of – (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000."

*Bank NA*, 744 F. Supp.2d 619, 627 (S.D. Tex. 2010) (citing § 2605(f)(1)(A)); *see also Kareem v. American Home Mortg. Serv., Inc.*, 479 Fed. App'x 619, 620 (5th Cir. 2012) (affirming grant of summary judgment where there is no evidence of failure to comply with RESPA's requirements and no evidence of actual damages suffered). Summary judgment is granted for Defendants as to that claim.

Because Plaintiffs have failed create a fact issue as to any of their claims, they are not entitled to a declaratory judgment. *California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie."). And because they have not shown a likelihood of success on the merits of their claims, injunctive relief is equally unavailable. *Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009). The documents before the Court show the assignment of interests as to the Property. *Martins*, 722 F.3d 252 ("There is no doubt that the mortgage was transferred by MERS to BAC, which presented a signed, notarized assignment document that had also been recorded by the county clerk."). Further, nothing before the Court indicates that Plaintiffs were not in default on their home loan such that foreclosure would not be warranted.

The non-movant's burden in summary judgment proceedings is clear. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655. Plaintiff's allegations alone are not sufficient, as the nonmovant's response "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Plaintiffs have not offered any summary judgment

evidence that would create a genuine issue of material facts as to their claims.

Discovery in this matter closed on September 13, 2013, and the motion has been pending for almost nine months. Plaintiffs have had sufficient time to develop the record.

Defendants' Motion for Summary Judgment (Dkt. 12) is therefore GRANTED, and Plaintiffs shall take nothing by any of their claims here.

The matter shall be closed on the Court's docket, and there being no counterclaim filed by Defendants, the funds deposited into the Registry of the Court shall be returned to Plaintiffs, absent an agreement by the parties to the contrary.

**SO ORDERED.**

**SIGNED this 4th day of March, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE